IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OASIS TOOLING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 22-312-CJB |
| GLOBALFOUNDRIES U.S. INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT GLOBALFOUNDRIES U.S. INC.'S LETTER BRIEF IN SUPPORT OF ITS MOTION TO COMPEL RESPONSE TO GLOBALFOUNDRIES' INTERROGATORY NO. 8**

OF COUNSEL:

Clement Naples
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1331

Gabriel K. Bell
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
(202) 637-2200

Thomas W. Yeh
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
(213) 485-1234

Brett M. Sandford
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 395-8150

Daniel S. Todd
Latham & Watkins LLP
301 Congress Avenue, Suite 900
Austin, TX 78701
(737) 910-7307

Di Ai
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
(617) 880-4698

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com
*Attorneys for Defendant*
*GlobalFoundries U.S. Inc.*

April 26, 2023

Dear Judge Burke:

Defendant GlobalFoundries U.S. Inc. ("GF") respectfully moves to compel Plaintiff Oasis Tooling, Inc. ("OTI") to respond to GF's Interrogatory No. 8, which asks OTI to "[s]eparately, for each Covered Product, identify and describe on a limitation-by-limitation basis in chart format the portions of any Documents or things that You contend evidence how each limitation of each identified claim is satisfied[.]"  Ex. 2 (OTI's 4/14/23 Supp. Objs. and Resp. to GF Interr. Nos. 4, 5, and 8) at 82.  The "Covered Products" are the ███████████ products that OTI contends practice U.S. Patent Nos. 7,685,545 and 8,266,571 (the "Asserted Patents"):



*Id.* at 85-86.

OTI relies on the ██████ Covered Products to support its contentions regarding damages and reduction to practice.  For example, OTI's damages theory is based in part on its assertion that GF's ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████████ Ex. 2 at 39-40.  And OTI's reduction to practice theory is based on its allegation that ███████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████ *Id.* at 53.  Thus, ***how*** the ██████ identified products purportedly practice the Asserted Patents is highly relevant to the merits (or lack thereof) of OTI's theories.  The Court should compel OTI to set forth the factual basis for its assertion that the Covered Products practice the Asserted Patents.

Courts routinely grant the discovery GF seeks here.  For example, in *Blast Motion, Inc. v. Zepp Labs, Inc.*, the court compelled the plaintiff to identify how its products practiced the asserted patent because such information was "uniquely within [the plaintiff's] control." No. 15-cv-00700, 2016 WL 5107677, at *4 (S.D. Cal. Mar. 2, 2016).  Likewise, in *Personal Web Techs., LLC v. Google Inc.*, the court compelled the patentee to "provide a full substantive response to [an] interrogatory…asking for a limitation-by-limitation claim chart for [the patentee's] product…, which [the patentee] contends practices the patents-in-suit," finding that the plaintiff's providing responsive information through deposition testimony and making source code available was "not…an adequate substitute."  No. 13-cv-01317, 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19,

1

2014). And, similarly, in *LifeNet Health v. LifeCell Corp.*, the court compelled the patentee to provide "more complete answers" to an interrogatory seeking claim charts for practicing products because such information was relevant to pre-suit damages and secondary considerations of non-obviousness. No. 13-cv-486, 2014 WL 4162113, at *4-5 (E.D. Va. Aug. 19, 2014).

Indeed, OTI does not dispute the relevance of the discovery sought. Instead, OTI "does not agree to chart ▮▮▮▮ products in response to a single interrogatory." Ex. 3 (March 7, 2023 Email from T. Layden). That is improper. To the extent that OTI intends to present evidence to the jury that ▮▮▮▮ Covered Products practice the Asserted Patents, OTI must provide the factual basis for that assertion as requested by Interrogatory No. 8. *See, e.g., UltimatePointer, L.L.C. v. Nintendo Co.*, No. 11-cv-496, 2014 WL 12521379, at *3 (E.D. Tex. June 4, 2014) (requiring patentee to provide claim charts in response to interrogatory to the extent that patentee "wishes to rely on those protypes at trial"); *Volumterics Med. Imaging, L.L.C. v. Toshiba Am. Med. Sys., Inc.*, No. 05-cv-955, 2011 WL 2600718 (M.D.N.C. June 29, 2011) (precluding patentee from presenting evidence that its products practice the asserted patents based on patentee's deficient interrogatory response). Any burden results directly from OTI's intent to rely on the Covered Products' alleged practice of the Asserted Patents at trial to support its case theories. OTI should not be permitted to claim that certain products practice the Asserted Patents while, at the same time, refusing to respond to GF's interrogatory seeking the factual basis for that assertion. *Fleming v. Escort, Inc.*, No. 09-cv-105, 2011 WL 573599, at *2 (D. Idaho Feb. 13, 2011) ("[Plaintiff] cannot just submit a document and claim generally that each limitation of each claim is contained therein without specifically explaining what language supports what limitation.").

For the foregoing reasons, GF respectfully requests that the Court compel OTI to provide a fulsome response to Interrogatory No. 8, including a claim chart (or, at least, a limitation-by-limitation analysis) for each Covered Product within seven (7) days of the Court's order.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)

2