IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OASIS TOOLING, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GLOBALFOUNDRIES U.S. INC., a Delaware Corporation,<br><br>　　　　　Defendant. | C.A. No. 22-312-CJB<br><br>**PUBLIC VERSION** |

**PLAINTIFF OASIS TOOLING INC.'S OPPOSITION TO
DEFENDANT GLOBALFOUNDRIES U.S. INC.'S
<u>MOTION TO COMPEL RESPONSE TO INTERROGATORY NO. 8</u>**


OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Jennifer L. Gilbert
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
(650) 752-1700

Aaron M. Frankel
Cristina Martinez
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: May 3, 2023
Public version dated: May 10, 2023

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff
Oasis Tooling, Inc.*

Dear Judge Burke:

Defendant GlobalFoundries U.S., Inc.'s ("GF") Motion to Compel Responses to Interrogatory No. 8 (D.I. 125, "Motion") should be denied. Oasis has already properly responded to GF's Interrogatory No. 8. The additional detail GF seeks is improper, unduly burdensome, and oppressive because it asks Plaintiff Oasis Tooling Inc. ("Oasis") to provide a claim chart mapping 11 products to every limitation of 28 claims across two patents. Tellingly, GF relies exclusively on cases from other jurisdictions with very different facts; by contrast, this District has previously denied a motion to compel responses to this exact type of interrogatory. Here, Oasis has already provided detailed discovery into its patent practicing products and, thus, GF's motion to compel should be denied.

### A. Oasis Has Already Offered Fulsome Discovery Into Its Patent Practicing Products

GF mistitled its Motion as one "to compel a response" to Interrogatory No. 8. Oasis already provided a detailed narrative response this Interrogatory. In particular, Oasis identified its products that practice the Asserted Patents and disclosed the two knowledgeable witnesses. Ex. 1 (Oasis' Responses to Interrogatory No. 8). Oasis also produced documents and instruction manuals for its patent-practicing products, and made the patent-practicing products and their source code available for inspection by GF. *Id.* GF has inspected the patent-practicing products and reviewed their source code. In addition, Oasis agreed to provide a corporate witness under Rule 30(b)(6) to provide testimony on thirty different topics directly relating to its patent-practicing products (which GF refers to as "Covered Products"). Ex. 2 (Oasis' Responses to Rule 30(b)(6) deposition notice) at Topic Nos. 23, 24, 25, 30-40, 42-50, 52-57, 59, 65, 67, and 70. Thus, Oasis has already provided substantial discovery into its patent-practicing products.

Additionally, during the parties' meet and confer, Oasis informed GF that it was willing to provide a representative chart for one of the patent-practicing products in addition to the discovery already provided. Ex. 3 (March 7, 2023 email ("To the extent GlobalFoundries identifies a specific product for which it contends is relevant under this interrogatory, Oasis will take that request under advisement.")). GF declined Oasis' compromise, and demanded that Oasis instead chart all of its eleven products against all asserted claims.

### B. GF's Motion Seeks Unduly Burdensome Discovery and is Contrary to This District's Rulings

GF's request that Oasis provide 22 claims charts mapping all of its 11 patent-practicing products to two patents with a total of 28 asserted claims is unduly burdensome and disproportional to the needs of this case, especially in view of the substantial discovery Oasis already provided. GF has full access to Oasis' patent-practicing products and their source code. Notably, only one of the eleven patent-practicing products predates Oasis' first patent application, so the other ten products are not needed to show Oasis' pre-filing reduction to practice.

GF does not rely on any cases from this District.  This is not coincidental, because the most relevant precedent from this District dictates denial of GF's Motion.  In evaluating a motion seeking the same order that GF requests, Judge Stark found it "overbroad to require a patentee to disclose all of its products that practice any claim of the patent-in-suit" and it is "unduly burdensome to require . . . the patentee, to produce detailed claim charts showing precisely how its products practice each of the asserted claims" as "[t]his case is fundamentally about whether [the defendant] infringes [the patentee]'s patent, not about whether [plaintiff] practices its own patent."  *Leader Techs. Inc. v. Facebook Inc.*, No. 08-cv-862-JJF-LPS, 2009 WL 3021168, at *2 (D. Del. Sept. 4, 2009).  The same result should apply here because GF seeks the same relief.

Rather than address Judge Stark's ruling, GF relies on cases from other jurisdictions, many of which have local patent rules that are not present here.  GF relies heavily on cases from the Northern and Southern District of California.  Motion at 1.  But unlike this District, those jurisdictions have local patent rules that specifically require disclosures relating to patent-practicing products.  For example, the Southern District of California's Patent Local Rule 3.1.g. provides that "[i]f a party claiming patent infringement asserts or wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim."  *See also* Patent Local Rule 3-1(g) (N.D. Cal.).

Moreover, the out-of-District cases that GF cites involve very different facts from those present here.  For example, the relief sought in *UltimatePointer, L.L.C. v. Nintendo Co.,* was far narrower than what GF seeks, and was limited to a chart for one claim of one patent.  No. 11-cv-496-LED, 2014 WL 12521379, at *3 (E.D. Tex. June 4, 2014).  In *Volumetrics Med. Imaging, L.L.C. v. Toshiba Am. Med. Sys., Inc.,* the patent owner had not made its source code available for inspection (in contrast, Oasis has provided its source code to GF), and the order precluding the patent owner for presenting evidence was based on its failure to comply with the court's discovery order, another fact not present here.  No. 05-cv-955, 2011 WL 2600718, at *1-2, 7-8 (M.D.N.C. June 29, 2011).  Thus, GF fails to establish it is entitled to the burdensome and voluminous charting that it seeks.

A further reason to deny GF's Motion is the paucity of its own interrogatory responses.  Under the Scheduling Order, "[t]he adequacy of all interrogatory answers shall, in part, be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive."  D.I. 45, ¶ 7(d)(ii).  Here, while Oasis has already provided a detailed response to GF's Interrogatory No. 8 and robust related discovery, GF has failed to provide substantive responses to Oasis' comparable interrogatories.  For example, Oasis' Interrogatory No. 8 asked GF to disclose the basis for its non-infringement defense, and Oasis' Interrogatory No. 11 asked GF to provide a narrative description of the comparison functionality in the accused products that Oasis accuses of infringement; both of which are core issues in dispute in this case.  GF declined to provide substantive responses and objected to these interrogatories as "impermissibly compound," "improperly call[ing] for legal conclusions and present[ing] questions of law," and as "seeking information containing expert conclusions and opinions."  Ex. 4 (GF's responses to Interrogatory Nos. 8 and 11).  All of the objections on which GF stands apply even more so to GF's Interrogatory No. 8.  Thus, GF's refusal to respond

to Oasis' comparable interrogatories further supports denial of GF's Motion. *See EON Corp. IP Holdings LLC v. FLO TV Inc.*, No. 1:10-cv-00812-RGA, D.I. 552, at *5 (D. Del. July 23, 2013) (denying motion to compel response to interrogatory because "Defendant has not set out the level of detail such as would require the Plaintiff to furnish the requested information.").

In sum, GF's Motion should be denied because Oasis has already provided a fulsome response to Interrogatory No. 8, the additional detail GF seeks is unduly burdensome and contrary to this District's precedent, and because GF has failed to provide the same level of detail in response to comparable interrogatories.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Jennifer L. Gilbert
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
(650) 752-1700

Aaron Frankel
Cristina Martinez
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

By: */s/ Philip A. Rovner*
 Philip A. Rovner (#3215)
 Jonathan A. Choa (#5319)
 Hercules Plaza
 P.O. Box 951
 Wilmington, DE 19899
 (302) 984-6000
 provner@potteranderson.com
 jchoa@potteranderson.com

*Attorneys for Plaintiff*

Dated:  May 3, 2023
Public version dated: May 10, 2023
10789204