IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OASIS TOOLING, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) C.A. No. 22-312-CJB | |
| GLOBALFOUNDRIES U.S. INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT GLOBALFOUNDRIES U.S. INC.'S REPLY LETTER BRIEF IN SUPPORT OF ITS MOTION TO COMPEL RESPONSE TO GLOBALFOUNDRIES' INTERROGATORY NO. 8**

OF COUNSEL:

Clement Naples
Latham & Watkins LLP
1271 Avenue of the Americas
New York, NY 10020
(212) 906-1331

Gabriel K. Bell
Latham & Watkins LLP
555 Eleventh Street, NW Suite 1000
Washington, DC 20004-1304
(202) 637-2200

Thomas W. Yeh
Latham & Watkins LLP
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
(213) 485-1234

Brett M. Sandford
Latham & Watkins LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
(415) 395-8150

Daniel S. Todd
Latham & Watkins LLP
300 Colorado Street, Suite 2400
Austin, TX 78701
(737) 910-7307

Di Ai
Latham & Watkins LLP
200 Clarendon Street
Boston, MA 02116
(617) 880-4698

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant
GlobalFoundries U.S. Inc.*

May 9, 2023

Dear Judge Burke:

OTI does not dispute that Interrogatory No. 8 seeks relevant discovery. OTI also does not dispute that it put its products at issue. And OTI does not dispute it has failed to provide a complete response to Interrogatory No. 8. That is dispositive. OTI's arguments to the contrary fail.

*First*, it would not be "unduly burdensome" for OTI to chart the products it argues practice the Asserted Claims. These are OTI's products. The information sought is undisputedly available, relevant, and within OTI's control. And OTI should not be permitted to tell the jury that it has 11 practicing products while simultaneously refusing to provide the basis for those contentions during discovery under the guise of "undue burden." OTI's alleged "compromise" to produce one claim chart (which, to date, it has not provided) for 11 unique products is insufficient because OTI does not assert, much less show, how one self-selected product would be "representative." If OTI charts only one product, it should be precluded from arguing that the other 10 products also practice the Asserted Patents—particularly because OTI refused to provide any detailed narrative response.

*Second*, OTI asserts that it need not respond to Interrogatory No. 8 because it "provided detailed discovery" about its products. That is irrelevant and does not relieve OTI of its obligations to respond because other discovery is "not … an adequate substitute" for OTI's **contentions**. *Personal Web Techs., LLC v. Google Inc.*, No. C13-01317, 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014).

*Third*, OTI's attempt to use GF's interrogatory responses to justify its deficient response fails because "'unclean hands' arguments have no relevance to a motion to compel." *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1440 (D. Del. 1989). Even if relevant, GF's responses to Interrogatories 8 and 11 are ***not*** "comparable" (D.I. 132 at 2)—they have nothing to do with OTI's products. Indeed, OTI never moved to compel, or even raised an issue with, GF's April 28, 2023 supplemental responses (D.I. 132, Ex. 4) before filing its opposition. And the Scheduling Order supports GF because it "encourages the parties to … respond to contention interrogatories early in the case," which OTI refuses to do. D.I. 45 ¶ 7(d)(ii).

*Fourth*, OTI's sole cited case is inapt. In *Leader Techs. Inc. v. Facebook Inc.*, the court denied the motion filed "at a relatively early stage of discovery" because the patentee had not put its products at issue, the only alleged relevance was to injunctive relief, and the defendant originally sought charts for products practicing "***any claim*** of the patent-in-suit, including those products that ***only*** practice claims that are ***not asserted in this litigation***." No. 08-cv-862, 2009 WL 3021168, at *2 (D. Del. Sept. 4, 2009) (emphasis added). Here, OTI put its products directly at issue, OTI's contention is relevant to many issues, including at least validity, damages, and reduction to practice, and Interrogatory 8 is properly limited to the Asserted Claims and products that OTI put at issue. *Cf. Quantum Loyalty Sys., Inc. v. TPG Rewards, Inc.*, No. 09-cv-22, 2012 WL 726842, at *2 (D. Del. Mar. 6, 2012) (granting motion because "[u]nlike [*Leader Techs.*], TPG is not seeking a comparison between the claim terms…with unaccused products").

OTI chose to use its own products as a sword to prove reduction to practice, validity, and damages. As a matter of law and fundamental fairness, OTI cannot be allowed to shield GF from the basis for its contentions. The Court should compel OTI to fully respond to Interrogatory 8 or preclude it from arguing its products practice the Asserted Claims.

                                      Respectfully submitted,

                                      /s/ Brian E. Farnan

                                      Brian E. Farnan

cc: Counsel of Record (Via E-Mail)